IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHONNA RANSOM, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREATPLAINS FINANCE, LLC d/b/a CASH ADVANCE NOW, and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Defendant GreatPlains Finance, LLC d/b/a Cash Advance Now ("GreatPlains"), pursuant to 28 U.S.C. § 1441, hereby removes this action to this Court from the Superior Court of New Jersey, Essex County. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1446, and 1453, this action is within the original subject matter jurisdiction of this Court and is properly removed. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon counsel for Plaintiff Rashonna Ransom ("Plaintiff") and filed with the Clerk of the New Jersey Superior Court for the County of Essex, as an exhibit to a Notice to State Court of Removal to Federal Court. A copy of the Notice being filed in state court is attached (without exhibits) as Exhibit A.

GreatPlains is an economic development arm of, instrumentality of, and a limited liability company wholly-owned and controlled by, the Fort Belknap Indian Community (the "Tribe"), a federally-recognized American Indian Tribe that enjoys governmental sovereign immunity. By filing this Notice of Removal, GreatPlains and the Tribe do not waive, and expressly preserve, their sovereign immunity, including as to the claims asserted by Plaintiff.

**PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

1. On October 25, 2021, Plaintiff commenced this action by filing a putative class action Complaint against the defendants in the Superior Court of New Jersey, Essex County, captioned *Ransom v. GreatPlains Finance, LLC d/b/a Cash Advance Now, et al.*, Case No. ESX-L-7997-21.

2. Plaintiff did not serve a Summons and Complaint upon GreatPlains, but filed a purported Certification of Service on February 2, 2022. The purported attempts at service described in the Certification of Service were not effective, and the parties agreed that GreatPlains, through counsel, would accept service of the Complaint effective February 10, 2022, for the sole purpose of removing the case to federal court and filing a motion to dismiss contesting jurisdiction. That agreement was memorialized in GreatPlains' March 3, 2022 Acknowledgement of Service. The Complaint is the initial pleading setting forth the claim for relief upon which this action is based. Accordingly, this Notice is timely pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon GreatPlains in this action are attached to this Notice as Exhibits B through E.

3. The Superior Court of New Jersey, Essex County, is located within the District of New Jersey. 28 U.S.C. § 110. This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

**ALLEGATIONS OF THE COMPLAINT**

4. This is a putative class action on behalf of Plaintiff and other customers of GreatPlains.

5. Plaintiff alleges, *inter alia*, that GreatPlains made loans to customers at interest rates higher than permitted under New Jersey law. (Compl. ¶¶ 12-15)

6. Plaintiff seeks to represent the following putative class: "All natural persons who resided in New Jersey on the date this Complaint was initially filed and who, during the proposed class period, entered into an Installment Loan with Great Plains Finance, LLC d/b/a Cash Advance

Now for financing, with an APR in excess of the 30% annual interest permitted under the New Jersey Criminal Usury statute." (*Id*. ¶ 46.)

7. Plaintiff also seeks to represent the following putative sub-class: "All members of the Class who paid any money or from whom Defendant collected any money on the assigned account." (*Id*.)

8. On behalf of Plaintiff and the putative class, the Complaint attempts to state claims for declaratory judgment and injunctive relief, violations of the New Jersey Consumer Fraud Act ("NJCFA"), unjust enrichment, and violations of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"). (*Id*. ¶¶ 64-112.)

9. The Complaint seeks, *inter alia*, disgorgement, treble damages, statutory damages, declaratory and injunctive relief, attorneys' fees and costs, and interest. (*Id*. at pp. 21-22.)

10. GreatPlains disputes Plaintiff's allegations, denies that the Complaint has merit, denies that the putative classes are certifiable, and denies that Plaintiff or the putative class has been harmed in any way. GreatPlains further states that it has sovereign immunity from the claims asserted in the Complaint, and denies that it is subject to suit.

## BASIS FOR REMOVAL

11. Removal is proper under CAFA, which grants district courts original subject matter jurisdiction over putative class actions, involving over 100 putative class members, where any member of the putative class of plaintiffs is a citizen of a State different from any defendant, and in which the amount in controversy in the aggregate exceeds $5 million. As set forth below, this action satisfies each of the requirements of § 1332(d)(2) under CAFA.

**Putative Class Action.**

12. This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial

procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).  Plaintiff seeks certification of a class under N.J. Court Rule 4:32, *et seq*., New Jersey's analog to Fed. R. Civ. P. 23.  (*See* Compl. ¶ 42.)

**Putative Class Consisting of More than 100 Members.**

13. There are more than 100 New Jersey residents who entered into installment loans with GreatPlains with an APR in excess of 30% annual interest during the putative class period.

14. According to GreatPlains' records, since October 25, 2015 (the beginning of the putative class period), more than 5,200 customers who provided a New Jersey home address entered into installment loans with GreatPlains with an APR in excess of 30% annual interest.

15. Accordingly, the aggregate number of members of the proposed class is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

**CAFA Diversity.**

16. The required diversity of citizenship under CAFA is satisfied because "any member of a class of Plaintiffs is a citizen of a State different from any Defendant." 28 U.S.C. § 1332(d)(2)(A).

17. Defendant GreatPlains is an economic development arm of, instrumentality of, and a limited liability company formed under the sovereign laws of the Fort Belknap Indian Community (the "Tribe"), with its principal place of business on the Fort Belknap Indian Reservation in Montana.  Accordingly, GreatPlains is a sovereign citizen of the Tribe organized under the Tribe's laws and wholly owned and operated by the Tribe, and, for purposes of diversity jurisdiction, is a citizen of Montana. *See Cook v. Avi Casino Enters., Inc*., 548 F.3d 718, 724 (9th Cir. 2008); *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993); *Bank v. Lake of the Torches Econ. Dev. Corp*., 658 F.3d 684, 693 (7th Cir. 2011).

18. In her applications for the loans giving rise to her claims, Plaintiff identified her home address as 449 21st St., Irvington, New Jersey.

19. According to public records, Plaintiff has resided at 449 21st St., Irvington, New Jersey and at various other addresses, all in Essex County, New Jersey.

20. According to public records, Plaintiff has a New Jersey drivers' license.

21. Thus, upon information and belief, Plaintiff is a citizen of New Jersey.

22. Accordingly, at least one proposed class member is a citizen of a state different from a defendant, thus satisfying the minimal diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

**Amount in Controversy.**

23. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Without conceding any merit to the Complaint's allegations or causes of action, the amount in controversy satisfies this jurisdictional threshold because under Plaintiff's theories of recovery the amount in controversy exceeds $5 million.

24. Plaintiff, on behalf of the putative class, asserts a claim under the NJCFA for money paid by them to GreatPlains and treble damages. (Compl. ¶ 83.) According to GreatPlains' records, since October 25, 2015 (the beginning of the putative class period), it has collected approximately $3 million in interest from its New Jersey customers. Thus, the amount in controversy of the putative class claim for treble damages under the NJCFA, is approximately $9 million ($3,000,000 x 3 = $9,000,000).

25. Plaintiff, on behalf of the putative class, also asserts a claim under the TCCWNA for statutory damages in the amount of $100 for each contract or notice offered. (*Id*. at ¶ 112.) As discussed above (¶ 14, *supra*), upon information and belief, the putative class is comprised of more than 5,200 individuals. Thus, the amount in controversy of the putative class claim for statutory penalties under the TCCWNA is more than $520,000 ($100 x 5,200 = $520,000).

26. Accordingly, the amount in controversy exceeds the $5 million threshold required by CAFA ($9,000,000 + $520,000 = $9,520,000).

27. Moreover, Plaintiff further alleges that she paid GreatPlains a total of $4,052.57 in interest to GreatPlains ($1,578.34 in interest for one loan and $2,474.23 in interest for another loan), and seeks treble damages under the NJCFA, for a total of $12,157.71. (*Id*. at ¶¶ 26, 32, 83.) Plaintiff further alleges that her claim is "typical" of the putative class members' claims. (*Id*. at ¶ 48.) As discussed above (¶ 14, *supra*), upon information and belief, the putative class is comprised of more than 5,200 individuals. Accordingly, the amount in controversy exceeds the $5 million threshold required by CAFA ($12,157.71 x 5,200 = $63,220,092.00).

28. Plaintiff also seeks a declaratory judgment and injunctive relief. (Compl., Count One.) The value of this relief also counts towards the amount in controversy. *See Spock v. David*, 469 F.2d 1047, 1052 (3d Cir. 1972) ("In cases where there is no adequate remedy at law, the measure of jurisdiction is the value of the right sought to be protected by injunctive relief").

29. For purposes of removal "the question is not what damages the Plaintiff will recover, but what amount is 'in controversy' between the parties.'" *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("That the Plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the Plaintiff will fail and the judgment will be zero) does not prevent removal."). While GreatPlains disputes that it is subject to suit, or that it is liable to Plaintiff or the putative class, or that Plaintiff or the putative class suffered any injury or incurred damages in any amount whatsoever, or that any class is certifiable, for purposes of satisfying the jurisdictional prerequisites of CAFA, the matter in controversy exceeds $5 million.

**No Joinder Necessary**.

30. No other defendants have been identified by Plaintiff and no other defendants are required to consent to removal based on CAFA. 28 U.S.C. § 1453(b).

## **RESERVATION OF RIGHTS AND DEFENSES**

31. By filing this Notice of Removal, neither GreatPlains nor the Tribe waives their sovereign immunity. GreatPlains also does not waive any defenses that may be available to them and reserve all such defenses, and does not waive its contractual dispute resolution rights. GreatPlains does not concede that Plaintiff states any claim upon which relief can be granted, or that Plaintiff is entitled to any relief of any nature. Nonetheless, Plaintiff's claims, as pleaded in the Complaint at the time of removal, "whether well or ill founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 202 U.S. 283, 294 (1938).

32. If any challenges to the propriety of the removal of this action arise, GreatPlains respectfully requests the opportunity to present oral argument and/or additional evidence.

WHEREFORE, GreatPlains hereby removes this Action to this Court from the Superior Court of New Jersey, Essex County.

Date: March 11, 2022

*/s/Eric D. Wong*
Eric D. Wong
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
(973) 360-7900
(973) 301-8410 (fax)

*Attorneys for Defendant*
*GreatPlains Finance, LLC*
*d/b/a Cash Advance Now*