# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHONNA M. RANSOM, | Civil Action No. 2:22-cv-01344 (WJM) |
| Plaintiff, | |
| v. | Hon. William J. Martini |
| GREATPLAINS FINANCE, LLC d/b/a CASH ADVANCE NOW | **DEFENDANT'S ANSWER** |
| Defendant. | |

Defendant GreatPlains Finance, LLC d/b/a Cash Advance Now (GPF), the defendant in the above-styled action, hereby responds to the Plaintiff's Complaint (Dkt. 1) as follows:

## NATURE OF THE CASE[1]

1. GPF admits that Plaintiff has filed a putative class action lawsuit that seeks relief under New Jersey consumer protection laws. GPF admits that it has not obtained a license from the State of New Jersey to engage in business as a consumer lender or sales finance company. GPF denies all remaining allegations in this paragraph.

---

[1] All headings reflect those used in the Complaint and are included for the reader's convience. GPF does not concede the validity or significance of any of the headings adopted by Plaintiff.

1

2. GPF admits, based on information and belief, that Plaintiff is a New Jersey resident. GPF denies all remaining allegations in this paragraph.

3. GPF admits that its standard contract requires a borrower to make installment payments over the course of several months. GPF denies all remaining allegations in this paragraph.

4. Denied.

5. Denied.

6. GPF admits that Plaintiff seeks certification of the two classes as described in this paragraph. GPF denies all remaining allegations in this paragraph, specifically including but not limited to any allegation that class certification is appropriate in this action.

7. GPF admits that Plaintiff seeks the relief described in this paragraph. GPF denies all remaining allegations in this paragraph, specifically including but not limited to any allegation that Plaintiff is entitled to any such relief.

8. GPF admits that Plaintiff seeks the relief described in this paragraph. GPF denies all remaining allegations in this paragraph, specifically including but not limited to any allegation that Plaintiff is entitled to any such relief.

**FACTUAL ALLEGATIONS**

9. GPF admits that it is a limited liability company formed under the laws of the Fort Belknap Indian Community (FBIC or the Tribe) and that it discloses to borrowers that the short term, small dollar consumer loans that GPF offers are "an expensive form of borrowing." GPF denies all remaining allegations in this paragraph.

10. Denied.

11. GPF admits that it provides loans to consumers who may indicate they reside in New Jersey. GPF denies all remaining allegations in this paragraph.

12. GPF admits that it discloses to borrowers that the short term, small dollar consumer loans that GPF offers are "an expensive form of borrowing." GPF denies all remaining allegations in this paragraph.

13. Admitted.

14. Denied.

15. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, GPF denies all allegations in this paragraph.

3

16. GPF admits that it has made loans to consumers indicating they reside in New Jersey over the course of GPF's existence. GPF denies all remaining allegations in this paragraph.

17. GPF admits that it generally uses a standard form contract for its small dollar consumer loans. GPF lacks knowledge or information sufficient to form a belief regarding what contractual provisions are "included in numerous other contracts offered in New Jersey" and denies them on that basis. GPF denies all remaining allegations in this paragraph.

18. GPF admits that all loans that it has made to consumers indicating they reside in New Jersey were of amounts less than $50,000. GPF denies all remaining allegations in this paragraph.

19. Denied.

20. Denied.

21. GPF admits that it has not been licensed in any capacity by the State of New Jersey at any time relevant to this action. GPF denies all remaining allegations in this paragraph, specifically including but not limited to any allegation that it is required to obtain licensure from the State of New Jersey.

22. GPF lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies them on that basis.

23. GPF lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies them on that basis.

24. GPF admits that Ms. Ransom sought GPF out on the internet and applied for a loan from GPF. GPF denies all remaining allegations in this paragraph.

25. GPF admits that Ms. Ransom reached out to GPF and requested a loan in the amount of $300, that GPF offered to loan Ms. Ransom that amount at the stated rate of interest, and that Ms. Ransom was required to make bi-weekly payments on the loan. GPF denies all remaining allegations in this paragraph.

26. GPF admits that Ms. Ransom's loan agreement provided for finance charges in the stated amount over the course of the loan if no prepayment occurred. GPF denies all remaining allegations in this paragraph.

27. GPF admits that Ms. Ransom accepted the loan that she requested from GPF on the terms offered by GPF on October 26, 2015. GPF lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and denies them on that basis.

28. GPF admits that Ms. Ransom repaid the amount she borrowed from GPF in full. GPF denies all remaining allegations in this paragraph.

5

29. GPF lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies them on that basis.

30. GPF admits that Ms. Ransom contacted GPF and requested another loan on or about April 18, 2016. GPF lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and denies them on that basis.

31. GPF admits that Ms. Ransom requested a loan in the amount of $450, that GPF offered to loan Ms. Ransom that amount at the stated rate of interest, and that Ms. Ransom was required to make bi-weekly payments on the loan. GPF denies all remaining allegations in this paragraph.

32. GPF admits that Ms. Ransom's loan agreement provided for finance charges in the stated amount over the course of the loan if no prepayment occurred. GPF denies all remaining allegations in this paragraph.

33. GPF admits that Ms. Ransom accepted the loan that she requested from GPF on the terms offered by GPF on April 18, 2016. GPF lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and denies them on that basis.

34. Denied.

35. GPF lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies them on that basis.

36. GPF admits that its loans to Ms. Ransom included finance charges in excess of 30% APR. GPF denies all remaining allegations in this paragraph.

37. Denied.

38. GPF admits that it was not licensed by the State of New Jersey as a "sales finance company" or a "consumer lender." GPF denies all remaining allegations in this paragraph, specifically including but not limited to any allegation that GPF is required to obtain licensure from the State of New Jersey.

39. GPF admits that multiple New Jersey consumers sought out and received loans from GPF and made payments on those loans. GPF denies all remaining allegations in this paragraph.

40. GPF admits that it collected money from Ms. Ransom and from members of the putative classes as repayment for loans that those individuals requested and received from GPF. GPF denies all remaining allegations in this paragraph.

41. Denied.

**CLASS ACTION ALLEGATIONS**

42. Denied.

43. GPF admits that Plaintiff seeks certification of two classes as described in the complaint. GPF denies all remaining allegations in this paragraph.

44. Denied.

45. Denied.

46. GPF admits that Plaintiff seeks certification of two classes as described in the complaint. GPF denies all remaining allegations in this paragraph, specifically including but not limited to any allegation that certification of either described class is appropriate.

47. Denied.

48. Denied.

49. GPF admits that Plaintiff seeks to recover the stated relief. GPF denies all remaining allegations in this paragraph, specifically including but not limited to any allegation that the requested relief is appropriate.

50. GPF admits that Plaintiff seeks to recover the stated relief. GPF denies all remaining allegations in this paragraph, specifically including but not limited to any allegation that the requested relief is appropriate.

51. Denied.

52. GPF lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies them on that basis.

53. Denied.

54. GPF lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies them on that basis.

55. Denied.

56. Denied.

57. Denied.

58. GPF lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies them on that basis.

59. Denied.

60. Denied.

61. GPF lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies them on that basis..

62. Denied.

63. GPF lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies them on that basis.

## **COUNT ONE**

64. GPF repeats and realleges all prior responses as if set forth at length herein.

65. GPF admits that the language in quotation marks in this paragraph appears in the cited statute.

66. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, GPF denies the allegations in this paragraph.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied. GPF further denies that Plaintiff is entitled to any of the relief set forth in the unnumbered paragraph and sub-paragraphs beginning with "**WHEREFORE**" immediately following this paragraph.

## COUNT TWO

77. GPF repeats and realleges all prior responses as if set forth at length herein.

78. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, GPF denies the allegations in this paragraph.

79. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, GPF denies the allegations in this paragraph.

80. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, GPF denies the allegations in this paragraph.

81. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, GPF denies the allegations in this paragraph.

82. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, GPF denies the allegations in this paragraph.

83. Denied. GPF further denies that Plaintiff is entitled to any of the relief set forth in the unnumbered paragraph and sub-paragraphs beginning with **"WHEREFORE"** immediately following this paragraph.

## **COUNT THREE**

84. GPF repeats and realleges all prior responses as if set forth at length herein.

85. Denied.

86. Admitted.

87. Denied.

88. Denied.

89. Denied.

90. Denied. GPF further denies that Plaintiff is entitled to any of the relief set forth in the unnumbered paragraph and sub-paragraphs beginning with **"WHEREFORE"** immediately following this paragraph.

## COUNT FOUR

91. GPF admits that Ms. Ranson seeks the relief set forth in this paragraph. GPF denies all remaining allegations in this paragraph, specifically including but not limited to any allegation that Ms. Ranson is entitled to any of the requested relief.

92. GPF admits that Ms. Ranson seeks the relief set forth in this paragraph. GPF denies all remaining allegations in this paragraph, specifically including but not limited to any allegation that Ms. Ranson is entitled to any of the requested relief.

93. GPF admits that the language in quotation marks in this paragraph appears in the cited statute.

94. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, GPF denies the allegations in this paragraph.

95. Denied.

96. Denied.

97. Denied.

98. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, GPF denies the allegations in this paragraph.

99. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, GPF denies the allegations in this paragraph.

100. Denied.

101. Denied.

102. Denied.

103. GPF admits that Ms. Ransom seeks the relief set forth in this paragraph. GPF denies all remaining allegations in this paragraph, specifically including but not limited to any allegation that Ms. Ranson is entitled to any of the requested relief.

104. GPF admits that Ms. Ransom seeks the relief set forth in this paragraph. GPF denies all remaining allegations in this paragraph, specifically including but not limited to any allegation that Ms. Ranson is entitled to any of the requested relief.

105. GPF admits that Ms. Ransom seeks the relief set forth in this paragraph. GPF denies all remaining allegations in this paragraph, specifically

including but not limited to any allegation that Ms. Ranson is entitled to any of the requested relief.

106. GPF admits that Ms. Ransom seeks the relief set forth in this paragraph. GPF denies all remaining allegations in this paragraph, specifically including but not limited to any allegation that Ms. Ranson is entitled to any of the requested relief.

107. Denied.

108. GPF admits that Ms. Ransom seeks the relief set forth in this paragraph. GPF denies all remaining allegations in this paragraph, specifically including but not limited to any allegation that Ms. Ranson is entitled to any of the requested relief.

109. Denied.

## COUNT FIVE

110. Denied.

111. Denied.

112. Denied. GPF further denies that Plaintiff is entitled to any of the relief set forth in the unnumbered paragraph and sub-paragraphs beginning with **"WHEREFORE"** immediately following this paragraph.

GPF hereby denies any allegations set forth in the Complaint that it has not previously expressly admitted or denied.

## **AFFIRMATIVE DEFENSES**

In addition to its foregoing response to the Complaint's allegations, GPF states the following affirmative defenses that operate as a bar to some or all of the claims or relief requested therein:

1. Plaintiff's claims are barred by tribal sovereign immunity.

2. Some or all of Plaintiff's claims are barred by applicable statutes of limitations.

3. Plaintiff has waived any right to proceed with this action in this forum.

4. GPF reserves the right to assert additional affirmative defenses after completing discovery.

Dated October 17, 2025.

**KILPATRICK TOWNSEND & STOCKTON LLP**

*/s/ Frederick L. Whitmer*
Frederick L. Whitmer (FW 8888)
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 775-8700; Fax: (212) 775-8800
Email: fwhitmer@ktslaw.com

Mark H. Reeves (Admitted *Pro Hac Vice*)
1450 Greene Street, Suite 230
Augusta, Georgia 30901

Tel: (706) 823-4206; Fax: (706) 828-4488
Email: mreeves@ktslaw.com

Rob Roy Smith (Admitted *Pro Hac Vice*)
1420 Fifth Ave.
Seattle, WA 98101
Tel: (206) 467-9600; Fax: (206) 623-6793
Email: rrsmith@ktslaw.com

*Counsel for Defendant GreatPlains Finance, LLC d/b/a Cash Advance Now*

17

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2025 a true and correct copy of the foregoing was served upon the counsel of record by filing it electronically with the Court's CM/ECF system.

By: */s/ Frederick L. Whitmer*
Frederick L. Whitmer